No. 51.

THE STATE OF LOUISIANA VS. HARRY CARTER.

The description of the thing stolen, in an information for larceny, being: "One hog, the property of A. B.," is sufficient.

Act No. 35 of 1880, providing for the trial of offenses in certain cases, has only one object set forth in its title and is constitutional.

It is competent for the Legislature to change the *manner* of criminal trials regardless of the time of the commission of the offense, without rendering the act in which such change is made, obnoxious to the Constitution.

APPEAL from the Twelfth Judicial District Court, parish of Grant. Barbin, J.

The State, Appellee, unrepresented.

Daigre & Machen for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was tried on an information for larceny, was convicted and sentenced to one year's hard labor in the penitentiary, from which sentence he has appealed.

We regret that we are not assisted in our investigation of the case by any argument, written or oral, by the District Attorney or other counsel for the State, there being no appearance whatever in this Court on the part of the State. It is, of course, of the utmost importance to the highest interest of the State and the administration of criminal justice, that the State should be constantly and faithfully represented before this Court in this class of cases; and if the laws are not now sufficient to secure this object, we trust that the needed legislation will be supplied. We know not whether any one is censurable for the omission in this case; we but state the fact with the hope that the mention may bring the remedy.

1. The first error suggested is that relating to the overruling by the judge *a quo* of the motion to quash. The accused is charged with stealing a hog, and the description given in the information is " one hog,

the property of Alice McKinney, worth the sum of seven dollars." This has invariably been held to be a sufficient description.

Thus Bishop, vol. 2, Sec. 700, says: "Assuming value and owner-ship to be duly alleged, the following expressions descriptive of the thing are severally sufficient: "One sheep," "a horse," "one certain hog," "one cow," etc. See McBride vs. State, 13 Bush, 337; Taylor vs. State, 44 Ga. 263, 300; Grant vs. State, 2 Texas Ap. 163; State vs. Mans-field, 33 Texas Ap. 129; Washington vs. State, 58 Ala. 355.

The motion was, therefore, properly overruled.

2. The accused was tried before a jury of five, under the provi-sions of Act 35 of 1880. A motion was filed by his counsel to quash the venire drawn under said act on the ground that it was unconstitu-tional, for the reason that it contains more than one object and that the objects are not set forth in its title. There is no force in this. The title of the act is: "To provide for the trial of offenses where the penalty is not necessarily imprisonment at hard labor or death." To make the provision called for by the title:

The first section provides, that when the accused is arrested the sheriff shall notify the District Attorney.

The second, that the District Attorney may file an information in the office of the clerk of the court.

The third, that the judges of the District Court shall have authority at other than regular jury terms to order a special jury to try such offenses.

The fourth, that trials under the act shall be before a jury of five persons, and further provides that the accused may waive jury, and be tried by the court, and that the State and the accused may have a num-ber of peremptory challenges.

It will thus be seen that the act has but one object, the trial of a certain class of offenses, and that one object is clearly, very clearly, expressed in the title; and every clause of the act relates exclusively to the mode and manner by which that one object is to be secured. The objection to the jury on this ground is wholly untenable.

3. It is, however, averred that the act is unconstitutional for the further reason, that it is retrospective in its operation, or, in other words, that the accused could not be tried in the manner provided by the act for an offense charged to have been committed before its passage.

There is even less plausibility in this objection than in the other.

Had the statute declared an act an offense which was not so when committed, or imposed a heavier penalty for the offense than, was denounced against it by the laws in force at the time of its commission, the objection urged would have some point or significance. The record shows that the accused was not arraigned or even arrested until after

the passage of the law. Until such arraignment, and when voluntarily or involuntarily he pleads to the indictment, and is put on his trial, an accused can claim no right or privilege whatever with respect to his trial, except that it be conducted in conformity to the law on the subject in force at the time of trial.

The construction contended for would make the change in the mode of trial provided for by this act, in effect a legislative pardon for all offenses of the kind described, committed before its passage, and present a complete bar to the prosecution of such offenses.

Even had the accused been arrested and arraigned before the passage of the act, he would be equally as subject to the mode of trial therein prescribed as if such arraignment took place after its passage. Indeed, it is entirely competent for the Legislature to change the manner of criminal trials regardless of the time of the commission of the offense or time of trial, without making the act prescribing such change obnoxious to the constitutional inhibition invoked.

We see no cause to disturb the sentence appealed from, and it is, therefore, affirmed with costs.