O’NIELL, J.
The appellant was indicted and prosecuted for the crime of murder, was convicted of manslaughter, and sentenced to imprisonment in the penitentiary for 10 years. He and his concubine were the only witnesses to the killing, and their testimony *1091 did not conflict as to any of the details of the fatal difficulty.' Having introduced testimony to prove his good reputation for peace and quiet in the community in which he lived, the defendant tendered a witness to prove that his reputation for truth and veracity was also good. The district attorney objected to the introduction of such testimony on the ground that no attempt had been made to impeach the credibility of the accused as a witness, and the district judge sustained the objection. The defendant’s counsel reserved a bill of exceptions to the ruling, and, in support of his argument, refers us to the decision in State v. Parker, 7 La. Ann. 83.
In the case cited, the verdict convicting the defendant of manslaughter was set aside because the district judge excluded testimony to prove, on his trial for the murder of a woman, that the accused “was of a mild disposition, and one of the last men who would willingly shed a woman’s blood; that he was a kind and affectionate husband and father, honest and industrious, of strict integrity and pure morals.” That decision was cited with disapproval in State v. Griggsby, 117 La. 1051, 42 South. 497, where it was said that the court had merely held that such evidence was admissible only in so far as it was pertinent to the charge of murder. But the court then cited with approval the later decision in State v. Bessa, 115 La. 259, 38 South. 985, holding that the character, or reputation for honesty and industry, of a person accused of striking with intent to commit murder, bore so remotely upon the crime charged that the evidence of such traits was irrelevant and inadmissible. In Griggsby’s Case, the prosecution was for murder, and the defendant was convicted, without capital punishment. The ruling of the trial judge, excluding evidence of the good character of the defendant for “honesty and trustworthiness,” was affirmed. Therefore, in so far as the ruling in State v. Parker is in conflict with the two later decisions on the subject, the former decision must be considered, and is now, overruled. The authorities all agree that the only evidence of the good character of a person accused of crime that is admissible in a criminal prosecution is that which relates to the traits of character involved in the crime charged. See Wharton’s Criminal Law (7th Ed.) § 636 ; 12 Cyc. 413; Greenleaf, § 55; Wigmore on Evidence, vol. 1, § 59.
The verdict and sentence appealed from are affirmed.