STATE, RESPONDENT, *v.* KENNEDY, APPELLANT.

(No. 6,269.)

(Submitted March 15, 1928.  Decided April 2, 1928.)

[266 Pac. 386.]

*Criminal Law—Unlawful Possession of Morphine—Exhibits— Sufficiency of Identification — Instructions — Jury—Submission of Cause—Return to Courtroom for Information—Oral Explanation of Law—When not Reversible Error.*

Criminal Law—Submission of Cause—Jury's Request for Further Information—Oral Explanations by Court—When not Reversible Error.
  1.  After the jury in a criminal case had retired to the jury-room it was brought back at its request for information relative to the punishment which might be imposed under the indeterminate sentence statute.  The court in the presence of defendant and counsel orally explained the provisions of the law and advised the jury as to the form in which it might return a verdict under that law. Defendant's counsel did not make any objection. *Held,* that the explanations made were not instructions on the law of the case and that, therefore, prejudicial error was not committed in making them orally.

Same—Instruction on Circumstantial Evidence—When Properly Refused.
  2.  Where the state in a criminal prosecution did not rely upon circumstantial evidence, an instruction offered by defendant on that subject was properly refused.

---

  2.  Instruction on circumstantial evidence when proof is direct, see note in 97 **Am. St. Rep.** 793. See, also, 8 **Cal. Jur.** 369.

[82 Mont. 165.]

Same—Offered Instructions on Subjects Covered by Others Properly Refused.

3. Refusal of instructions the subject matters of which had been sufficiently and properly covered by instructions given was proper.

Same—Unlawful Possession of Morphine—Employment of Decoys—Incorrect Instruction.

4. A proposed instruction offered by defendant charged with the unlawful possession of morphine, to the effect that, if defendant was decoyed into commission of the offense and that otherwise he would not likely have committed it, he should be acquitted, did not state the law and it was not error to refuse to give it.

Same—Exhibits—Packages of Morphine—Sufficiency of Identification.

5. Under the rule declared in *State* v. *Wong Fong*, 75 Mont. 81 (see par. 3 of syllabus) relative to the sufficiency of identification of exhibits to admit of their introduction in evidence, *held*, that the trial court did not err in admitting packages of morphine over the objection that they were not sufficiently identified.

---

[1]   Criminal Law, 17 C. J., sec. 3712, p. 353, n. 75.
[2]   Criminal Law, 16 C. J., sec. 2433, p. 1009, n. 6.
[3]   Criminal Law, 16 C. J., sec. 2506, p. 1063, n. 85.
[4]   Criminal Law, 16 C. J., sec. 2507, p. 1066, n. 89.
[5]   Criminal Law, 16 C. J., sec. 1222, p. 618, n. 17.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

LEO KENNEDY was convicted of unlawful and felonious possession of morphine and appeals from the judgment and the order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. M. S. Galasso,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* Assistant Attorney General, for the State.

MR. JUSTICE MYERS delivered the opinion of the court.

Defendant was charged with, tried for and convicted of the unlawful and felonious possession of a quantity of a certain derivative, compound, manufacture and salt of opium, known as morphine. The charge was based on section 3200, Revised Codes, 1921. Judgment was rendered and sentence was pronounced in accordance with the verdict.

---

3.   See 8 Cal. Jur. 314; 14 R. C. L. 752.

Defendant moved for a new trial and his motion therefor was denied. Whereupon, defendant appealed from the judgment and from the order denying his motion for a new trial. Several assignments of error are specified. We discuss them in their order.

Assignment of error is predicated upon the action of the [1] court in orally answering an inquiry of the jury, propounded through its foreman. The proceeding is set forth in the transcript. Therefrom we learn that, after the jury had deliberated a while, at its request it was brought into court and there, in the presence of the defendant and his counsel and the county attorney, the foreman informed the judge that some of the jurors wanted to know what was meant by the use of the words "two years to five years," in the instructions of the court with reference to the penalty for the offense charged. Whereupon, in open court, the judge replied that it meant that the person must be confined in the state prison for not less than two nor more than five years. Continuing, he said: "It is what we call in law as the indeterminate sentence. Formerly the sentence was fixed but for many years we have what is known as the indeterminate sentence, the court fixing the minimum and maximum and the minimum must be not more than one-half of the maximum. Now that is the meaning of that provision. The time that a man found guilty must actually serve is in the hands of the state board, the Governor and the State Board of Pardons, as I understand; the actual time. The court doesn't fix the actual time at all but it fixes the minimum and maximum." The jury was then returned to the jury-room.

Counsel for defendant calls the action of the court oral instruction to the jury and claims that it violated the provision of section 11969, Revised Codes, 1921, that instructions must be in writing. In support of his contention, counsel cites *State* v. *Fisher,* 23 Mont. 540, 59 Pac. 919. In opposition, state's counsel cite *State* v. *Lewis,* 52 Mont. 495, 159 Pac. 415. The first cited case is not at all analogous. In it, in response

to inquiries by the jury, made through its foreman, the trial judge, at great length, orally discussed to the jury the evidence, the weight to be given it, how the jury should weigh it, how and to what extent it should be considered; and instructed the jury on matters of law. In that case, there is no doubt the jury was instructed orally. That case is far different from the case at bar. Furthermore, this court, in its opinion, in that case, declares that the oral statements of the judge to the jury were so biased that they clearly indicated to the jury that he believed the defendant guilty and thought the jury should convict him. Very properly, the judgment was reversed.

The case of *State* v. *Lewis*, supra, is very similar to the case at bar. The opinion says: "At the close of the argument, the court orally directed the jury as to their conduct in the jury-room and as to the form in which they might return their verdict and informed them that their verdict must be unanimous." As to the contention, there made, that the court orally instructed the jury, the opinion says there is no ground for the contention. It says further: "Directions as to such matters are not instructions on the law of the case which must be written." In the case at bar, the trial judge did little, if any, more than was done in the *Lewis Case*. He simply advised the jury as to the form in which it might return a verdict, with regard to penalty, and the nature thereof, if the defendant should be found guilty. He showed unmistakably that his remarks applied only to "a man found guilty."

True, in the *Fisher Case*, this court held that counsel for defendant, present during the delivery of the oral instructions, did not, by mere silence, acquiesce therein nor waive any right of defendant; that he was not obliged to object. That may be correct in a case of such extreme misconduct of the court, as in that case. However, in the *Lewis Case*, as to that phase of the case, the opinion says: "If it be conceded that there was error, no objection was made at the time nor any

exception reserved, as required by the statute." In the case at bar, no objection was made by counsel for defendant, although present, to the inquiry of the jury or to the response of the judge nor was any exception taken. While trial courts should be cautious in orally answering inquiries of juries and in making to juries oral statements, after cases have been submitted, in this instance we hold there was no prejudicial error.

Assignment of error is predicated upon the contention that the evidence is insufficient to sustain the verdict. Counsel for defendant says the specifications of the information were not proven. Careful review of the evidence convinces us that, upon the authority of *State* v. *Wong Fong,* 75 Mont. 81, 241 Pac. 1072, a very similar case, in which was made the same contention, the evidence in the case at bar is quite sufficient to sustain the verdict.

The refusal of the court to give defendant's proposed [2] instruction 7A is made the basis of an assignment of error. The proposed instruction is one upon the nature and consideration of circumstantial evidence. In the case at bar, the state did not rely upon circumstantial evidence but, upon direct evidence. Hence, the proposed instruction was not a proper one. (*State* v. *McConville,* 64 Mont. 302, 209 Pac. 987; *State* v. *Harris,* 66 Mont. 25, 213 Pac. 211.)

Assignments of error are based upon the refusal of the court [3] to give proposed instructions 8A and 9A, respectively, offered by defendant. We hold that the subject matters of those respective proposed instructions were sufficiently and properly covered, to the extent required by the law and the evidence, by the court's instructions which were given and that error was not committed by refusal to give either of the proposed instructions.

Assignment of error is based upon the refusal of the court [4] to give defendant's proposed instruction 10A, to the effect that, if defendant was decoyed into commission of the offense charged and otherwise he would not likely have committed it, he must be acquitted. The proposed instruction

does not state the law and it was not error to refuse to give it. (*State* v. *O'Brien*, 35 Mont. 482, 10 Ann. Cas. 1006, 90 Pac. 514.)

The admission in evidence, over objection, of state's exhibits [5] "A" and "B," packages of morphine, is assigned as error, upon the ground that they were not sufficiently identified, proven or qualified to be admitted. Upon the authority of *State* v. *Wong Fong*, supra, in which was raised the same question, based upon very much the same showing, we hold error was not committed in the admission of either exhibit.

We believe the case at bar was fairly tried and that defendant was accorded all of his rights. Not finding in the record any prejudicial error, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.