LAND, J.
 

 Defendant was tried by a jury of five and convicted of the offense of obtaining goods by false pretenses, with intent to defraud. He was sentenced to the state penitentiary for one year, and has appealed.
 

 Bill No. 1.
 

 On the trial of the case, the counsel for defendant requested the court to give to the jury the following- special charge:
 

 .“The burden is upon the State to prove a fraudulent intent on the part of the accused. Such intent must be proved
 
 specifically,
 
 and it cannot be implied from the fact that the pretense alleged was made, and that it was false, and that the accused knew it to be false.”
 

 The answer to the motion for a bill of particulars states:
 

 “That the false pretense consisted of the defendant, John Willie Wilson, appearing at the store of L. C. Gahagan and representing himself to be Hosea Lewis, with money in the Ruston Bank to his credit and subject to his check; that the said L. O. Gahagan telephoned the bank and was advised that Hosea Lewis did have money on deposit there. He thereupon sold merchandise to the said John Willie Wilson, believing him to be Hosea Lewis, to the value of thirty-five dollars, and accepted a check for said sum as cash.
 

 “That the said statement of the said John Willie Wilson was known by him to be false at the time he made it, and thus obtained the merchandise by false pretenses.”
 

 . The trial judge refused to give, verbatim, the special charge requested, but again charged the jury that: “While it is true that intent to defraud is a necessary ingredient in the crime, such intent generally could only be proven by the acts of the party accused and the circumstances attendant upon his said acts; and that intent could rarely ever be proven by the words and declarations of the accused. The counsel of defendant requested that the jury be charged that the intent must be proven
 
 specifically.
 
 The court declined to charge that the proof must be specific, but that intent might be presumed from the acts of the accused and the surrounding circumstances, which I think is correct law.”
 

 In addition to the above charge, the judge
 
 *687
 
 a quo stated to the jury in the general charge:
 

 “The statute (Bey. St. § 813) under which this charge is made reads as follows:
 

 “ ‘Whoever, by any false pretense, shall obtain, or aid and assist another in obtaining, from any person, money or any property, with intent to defraud him of the same, shall, on conviction, be punished by imprisonment at hard labor or otherwise, not exceeding twelve months.’
 

 “It is essential that the indictment should allege and the evidence prove that the pretense upon which the thing was obtained was false, and that the defendant knew it to be false; and that a thing of value, be it money, goods, or property of any kind, was obtained by the false and fraudulent pretension of the defendant on the trial for the crime. The burden of proving these facts rests upon the State; and until that is done the State’s case is not made out.
 

 “It is sufficient for the State to prove the false and fraudulent representation, and that the prosecuting witness to whom such false and fraudulent representation was made parted with his property on the strength of such representation, believing the same to be true, and it is not necessary for conviction that the false pretenses should be the sole inducement by which the property is parted with; it is enough that they had controlling influence' with the party defrauded.”
 

 In our opinion, the original charge, supplemented by the special charge given by the trial judge, correctly states the law applicable to the case.
 

 As stated in Desty’s American Criminal Law, par. 149g: “To constitute the offense, there must have been an intent to defraud, in connection with a false representation calculated to mislead. Actual defrauding is not necessary if the intent to defraud is proved; so if the defendant only intended to get what was due him, it is no offense.. * * * Where property is obtained by false pretenses, neither the intention nor the ability to repay it will deprive the act of its criminality. Intent is a question of fact for the jury; and is inferable from the guilty act deliberately performed.”
 

 In cases of burglary, or breaking and entering with intent to steal, etc., this court has said on more than one occasion: “Intent can rarely, if ever, be proved except by an act. The commission of an offence is the best proof of an intent to commit it, or as it is put by a law-writer, ‘the act will be prima facie pregnant evidence of an intent to commit it.’ Waterman’s Archbold Crim. Pr. & Pl. 339-3.” State v. Woods, 31 La. Ann. 267, 268; State v. Méche, 42 La. Ann. 273, 7 So. 573.
 

 The special charge requested by defendant is to the effect that the intent to defraud must be
 
 specifically
 
 proven, and cannot be implied from the fact that the pretense alleged was made, and that it was false, and that the accused knew it to be false.
 

 Such a charge is misleading. The trial judge himself was not certain as to what was intended by the charge, and states “by ‘specifically’ I understand counsel to mean it. must be
 
 'expressly’
 
 proven, which I do not think is required.”
 

 Under a charge of false pretenses, the
 
 specific intent
 
 to defraud must be proven to the satisfaction of the jury, but this is quite a different proposition from requiring
 
 specific proof
 
 of such intent. The jurors would have to be mind readers and look within the brain of the defendant to obtain proof of this character, instead of ascertaining the intent from the external act committed by defendant, and the circumstances surrounding the case.
 

 Bill No. 2.
 

 Prior to the swearing of the first witness in the trial of this case, defendant, through
 
 *689
 
 counsel, requested the court to deliver its charge in writing. The general charge of the court was committed to writing, but, in connection with the giving of special charge No. 1, the court
 
 orally
 
 instructed the jury as to the law governing the matter of the recovery of the property by the owner, or its return to the owner by the accused, and charged the jury that such recovery or return of the property cannot be pleaded or urged as a defense to the prosecution.
 

 Before the jury retired, and in the presence and hearing of the jury, defendant excepted to the charge of’ the court on the ground that it was not entirely written, hut was delivered orally in part.
 

 As shown by the clerk’s note of evidence, the court then instructed the jury to ignore the
 
 oral
 
 part of the charge.
 

 Under the doctrine of State v. Rini, 151 La. 163, 91 So. 664, this is a fatal error. The statute is mandatory that the charge must be given wholly in writing, when the request is made timely by a defendant. Revised Statutes of 1870, § 28.
 

 Article 389 of the Code of Criminal Procedure also provides that: “The judge
 
 shall
 
 deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness.”
 

 The framers of the Code of Criminal Procedure were familiar with the interpretation placed by this court on section 28 of the Revised Statutes, relating to requests for charges in writing to the jury, and, as the provisions of the Code are similar to those of section 28 of the Revised Statutes, the same interpretation must be placed upon the later provision of the Code.
 

 It was contended by the trial judge in the Rini .Case that the portion of the charge taken down by the stenographer would have been the same if he had embodied it in a written charge. The argument that the accused suffered no injury was made in the Rini Case, as in the present case, but was without avail, as: “Written charges are often better considered, more clearly expressed, and, in complicated cases at least, less likely to contain error. An oral charge, although when the judge is delivering it, he knows that it is being taken by a stenographer, is not so likely to secure these advantages. Therefore, for this reason, and no doubt for others, the law permits either party to the case to require that the charge be delivered in writing.” State v. Rini, 151 La. 179, 91 So. 664, 669.
 

 The exception to the charge in this case was taken timely, as it was reserved at the conclusion of the case and before the jury retired. State v. Rini, 151 La. 179, 91 So. 664; State v. Wright, 104 La. 45, 28 So. 909; Marr’s Crim. Juris., p. 794.
 

 The request for a written charge was made seasonably by defendant before the first witness was sworn. Code Crim. Proced. art. 389.
 

 The instruction of the trial judge that the jury ignore the oral part of the charge given does not, in our opinion, cure the error resulting from his failure to give the whole charge in writing, after timely request made by defendant.
 

 It is therefore ordered that the verdict and sentence appealed from be annulled and set aside, and that this case be remanded to the lower court to be proceeded with according to law and the views herein expressed.
 

 BRUNOT, J., dissents to ruling on bill No. 2.