On Rehearing.
 

 LAND, J.
 

 A rehearing was granted in this case, without limitation, but, on further review and reconsideration of our original opinion, we find it necessary to reverse our former rulings only as to bill of exceptions No. 5, relating to the opening statement which the district attorney is required to make, under article 333 of the Code of Criminal Procedure of this state.
 

 In our original opinion it is said: “Bill No. 5 was taken to the refusal to order the state’s attorney to make an opening statement to the jury. The state’s attorney
 
 read, the informar tion and the statute on -forgery.
 
 The trial judge thought
 
 this was enough,
 
 and since the law does not define the nature of
 
 the opening statement
 
 of the prosecuting attorney beyond ‘explaining the nature of the charge and the evidence by which he. expects to establish the same.’ (Code Cr. Proc. art. 333). We are of opinion that the scope and extent of such opening statement is within the control of the trial judge in the exercise of his own sound discretion. State v. Nahoun, 172 La. 83, 133 So. 370.” (Italics ours.) ,
 

 The error committed by us in our original opinion was in reaching the conclusion that the reading by the district attorney of the information and the statute on forgery constituted an opening statement by that officer.
 

 Such is not the case, as clearly appears from the language of article 333 of the Code of Criminal Procedure, which reads as follows: “The jury having been empanelled
 
 and, the indictment read,
 
 the trial
 
 shall
 
 proceed in the following order: The reading of the plea to the jury;
 
 the opening statement
 
 of the district attorney explaining the nature of the charge and the evidence by which he expects to establish the same;
 
 the opening statement
 
 by counsel for the defendant
 
 at his option
 
 ex
 
 *445
 
 plaining the defense and the evidence by which he expects to prove the same,” etc.
 

 The information or indictment and the plea of defendant are read to the jury
 
 before the opening statement
 
 of the district attorney is made. In making this opening statement, the district attorney is required to explain the nature of the charge and state the evidence by which he expects to establish the charge. This the district attorney did not do at all, and the trial judge refused to compel him to do so, when so requested by counsel for defendant.
 

 In our opinion, the refusal of the trial judge to instruct the district attorney to comply with article 333 of the Code, by making an opening statement as therein directed, is reversible error.
 

 The language of article 333 is
 
 mandatory:
 
 “The trial
 
 shall
 
 proceed in the following order.”
 

 While the scope and extent of the opening statement of the district attorney may be within the control of the trial judge in the exercise of a sound discretion, it is not within his discretion to dispense with the opening statement of the district attorney entirely, since it is the mandatory, duty of that officer to make such statement.
 

 The framers of the Code of Criminal Procedure clearly intended that the making of the opening statement by the district attorney should be deemed sacramental, since article 333 leaves it to
 
 the mere option
 
 of the counsel for defendant as to whether he shall make any opening statement at all as to the defense and the evidence in support of same.
 

 Judging from its phraseology, the purpose of the article in question must be to make the district attorney show his hand as to the state’s evidence, as a matter of fairness to the accused, as well as to advise the jury concerning the questions of fact involved.
 

 To affirm the verdict in this case, in which no opening statement at all has been made by the district attorney, would be for this court to read out of the Code of Criminal Procedure article 333, prescribing the order of procedure in the trial of criminal cases in this state, and to substitute its own views on the subject.
 

 That human life or liberty should be subjected to a vacillating procedure, before the bar of public justice, is too grave a matter for courts to countenance or tolerate. We have in the Code the order of trial clearly prescribed in criminal cases, and, manifestly, it was intended by the framers of that instrument that the procedure therein adopted should be followed by both the state and the accused in all trials.
 

 The argument on behalf of the state that no prejudice to the substantial rights of the accused has been shown by the ruling of the trial judge, in refusing to instruct the district attorney to make an opening statement, can be of no avail in a case like this, in which it is made the
 
 mandatory
 
 duty of that officer to make such statement.
 

 Under Revised Statutes, § 28, and Code of Criminal Procedure, art. 389, requirement that the judge shall deliver his charge
 
 in writimg,
 
 whenever requested to do so by prosecution or defense, prior to the swearing of the first witness, is
 
 mandatory.
 

 In State v. Wilson, 169 La. 689, 690, 125 So. 854, 856, it is said: “It was contended by the trial judge in the Rini Case [151 La. 163, 91 So. 664] that the portion of the charge taken down by the stenographer would have been the same if he had embodied it in a written charge. The argument that the accused suffered no injury was made in the Rini Case, as in the present case, but was without avail,” etc.
 

 
 *447
 
 Considerations of public policy may well have induced the framers of the Code of Criminal Procedure to make it the mandatory duty of the district attorney to explain “the nature of the charge
 
 and the evidence
 
 by which he expects to establish the same.” Article 333.
 

 If any part of the state’s evidence should spring from prejudice, or from a perjured source, the defendant would have a most vital interest in knowing this fact in advance, so that he might defend himself timely and properly.
 

 A fair and impartial trial is the perpetual guaranty of the fundamental law of this state to every person charged with crime.
 

 It is inconceivable how the violation of a solemn mandatory duty by a prosecuting officer can be viewed in any other light than prejudicial to an accused, since the imposition of a duty so imperative cannot be logically considered as a mere matter of form, or of caprice, or of frivolity upon the part of the lawmakers.
 

 It is therefore ordered that our former judgment, affirming the conviction and sentence in this case, be annulled and set aside, that the conviction and sentence appealed from be annulled and reversed, and that this case be remanded to the court below for a new trial according to law.