144 So. 504

STATE v. CAIN.

No. 31875.

Oct. 31, 1932.

Ped C. Kay, of De Ridder (Hawkins & Pickrel, of Lake Charles, of counsel), for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Aaron B. Cavanaugh, Dist. Atty., of Leesville (James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

O'NIELL, C. J.

The appellant was indicted and prosecuted for stealing three hogs, and was convicted and sentenced to imprisonment in the penitentiary for a term not less than one nor more than two years. The record contains four bills of exception.

The first bill of exception was reserved to the overruling of a motion for a bill of particulars. In the indictment the hogs were described merely as "three hogs of the property of Clarence S. Holt." The defendant asked in his motion for a bill of particulars to be informed as to the marks or brands on the hogs, and the sex and color, and a minute description of each hog. On the trial of the case the defendant's attorney repeated his complaint by objecting to the introduction of any evidence, on the ground that the hogs were not sufficiently described in the indictment; and to the overruling of this objection the second bill of exceptions was reserved. There is no merit in these bills. In State v. Carter, 33 La. Ann. 1214, it was held that the description "one hog, the property of Alice McKinney, worth the sum of seven dollars," was a sufficient description of the property alleged to have been stolen, in an indictment for larceny. See, also, State v. Bassett, 34 La. Ann. 1108.

In the third bill of exceptions it is contended that the judge, after being requested to give a written charge to the jury, and having given the written charge, gave further instructions to the jury orally, when asked by the jury for further instructions with regard to the crime of larceny. The facts in that respect are stated in the bill of exception and in the per curiam annexed to the bill. After the judge had read his charge to the jury and the jury had retired to their room for deliberation, they returned into court and asked the judge to instruct them as to whether a person would be guilty of larceny if he merely penned up another's hogs that were

trespassing upon his land and destroying his crops, but afterwards turned over the hogs to their owner when requested so to do. The judge did not answer the question directly, but read to the jury again that part of his written charge defining and explaining the crime of larceny. The defendant's attorney did not complain of the judge's failure to answer the jury's question directly. The only complaint was that the judge's additional instruction to the jury was not written. As a matter of fact, it was already written, and was read again by the judge to the jury, as written. There was no necessity for the judge to write it again before reading it again to the jury. The decisions cited by counsel for the appellant, State v. Rini, 151 La. 163, 91 So. 664, and State v. Wilson, 169 La. 684, 125 So. 854, are not appropriate to this case.

The fourth bill of exceptions was reserved to the overruling of a motion for a new trial, and is merely a reiteration of the complaints which we have answered.

The verdict and sentence are affirmed.