O’NIELL, Chief Justice
 

 (dissenting).
 

 The record contains at least one bill of exception for which the verdict and sentence should be set aside and a new trial granted. I refer to bill No. 2, in which the complaint is made that the judge gave a part of his charge to the jury orally, notwithstanding he was requested by the defendant’s attorney at the proper time to give a written charge, and notwithstanding the charge was principally in writing. The minutes of the court show — and it is admitted — that the defendant’s attorney arose and objected while the judge was charging the jury orally. A bill of exceptions was reserved promptly, was signed by the judge, and is in the record. There is no doubt that, if this court would consider this bill of exception, the court would, unanimously, find' the complaint well founded, and would set aside the verdict" and sentence, under authority of State v. Rini, 151 La. 163, 91 So. 664, and State v. Wilson, 169 La. 684, 125 So. 854.
 

 The dissertation in the prevailing opinion in this case, explaining the difference between the function of a motion for a new trial and that of a motion in arrest of judgment, is entirely beside the question. It might be inferred, from this discussion in the prevailing opinion, that the attorney! for Mrs. Eubanks neglected to reserve bills of exception at the proper time, during the progress of the trial, and depended entirely upon his so-called motion in arrest of judgment, to set aside the verdict and sentence. Rut the fact is that the attorney reserved a bill of exceptions to every ruling which he complained of, at the proper time, and he had the bills of exception signed by the judge, and they are all in the record. His so-called motion in arrest of judgment — which was in substance a motion for a new trial — as well as a motion in arrest of judgment — was merely a repetition of the complaints which were already made in the bills of exception, and which were already overruled by the judge, and which were again, specifically, reviewed and overruled by the judge, in passing upon the so-called •motion in arrest of judgment.
 

 It is said in the prevailing opinion:
 

 “If this court should go so far afield in this case as to convert a motion in arrest of judgment into a motion for a¡ new trial, and review the case on appeal, the inevitable result would'be to throw criminal pleadings in this state into such a condition of confusion and chaos, that both the bench and the bar
 
 *101
 
 would be at the end of their wits in the trial of criminal cases.”
 

 That might he well said if the attorney for Mrs. Eubanks were depending upon his so-called motion in arrest of judgment, to have the verdict and sentence set aside and a new trial granted. But that is not the case. The only purpose for which the attorney for Mrs. Eubanks depends upon his so-called motion in arrest of judgment is to save her right of appeal. The only reason why a majority of the members of the court are about to dismiss the appeal is that Mrs. Eubanks’ attorney did not file (besides his so-called motion in arrest of judgment) a motion for a new trial — so as to afford the judge an opportunity to correct the rulings which were already complained of in the several bills of exception.
 

 It is true that the attorney for Mrs. Eu-banks did not label his motion “Motion for a New Trial,” hut the motion was one on which the court could have granted a new' trial, and was in fact as much a motion for a new trial as it was a motion in arrest of 'udgment. The motion set forth not only he complaints of alleged errors which appeared on the face of the record, and which were therefore available by a motion in arrest of judgment, but also the complaints of the alleged errors referred to in the bills of exception, which were not apparent on the face of the record, and which therefore were not available by way of a motion in arrest of judgment, but only by way of a motion for a new trial. And the prayer of the motion was not only for an arrest of the judgment and sentence, and for the defendant’s discharge finally, but also for all further necessary orders and for general and equitable relief. The prayer for the judgment and sentence to be arrested and for the defendant to be discharged finally was a prayer for more than the defendant was entitled to for an error not patent on the face of the record— such as the error of giving an oral charge to the jury — for which the plaintiff was entitled only- to a new trial. But, as to that error, complained of in the so-called motion in arrest of judgment, the prayer for an arrest of the judgment and sentence, and for the final discharge of the defendant, and for all further necessary orders, and for all general and equitable relief, was certainly comprehensive enough to include a prayer for a new trial.
 

 It has been decided by this court that the reason for article 559 of the Code of Criminal Procedure, requiring the defendant to file 'a motion for a new trial in the district court before asking for an appeal, is to give the judge another opportunity to correct his error if he has made one. That was done, in this case, by the so-called motion in arrest of judgment. Of course, in so far as a motion for a new trial is based upon the complaint that the verdict is contrary to the law and the evidence, it serves no purpose whatever in the Supreme Court because it is not within the court’s jurisdiction to consider such a complaint.
 

 In State v. Stinson, 174 La. 511, 141 So. 44, it was plainly indicated that the requirement of article 559 of the Code of Criminal procedure, that a motion for a new trial must he filed in the district court before an appeal can be taken, is not without exception, viz.:
 

 
 *103
 
 . “The purpose of the article is to require the defendant to exhaust his recourses in the trial court by submitting for review the rulings there made, many of which, of necessity, were hastily made, before appealing to this court. It may be said, for what it is worth, that the record presents for review no motion in arrest of judgment, which may be said logically to follow, rather than precede, a motion for a new trial, and hence it is unnecessary to determine whether, if the record presented a motion in arrest for review, it could be passed upon, notwithstanding the failure to file' and press a motion for a new trial.”
 

 The purpose of article 559 of the Code of Criminal Procedure was served in this instance. In fact, the judge discloses, in his statement per curiam, annexed to the bill of exceptions, reserved to the overruling of the so-called motion in arrest of judgment, that, in response to the motion, he reconsidered each and every ruling complained of, including those which could be corrected not by a motion in arrest of judgment but only by a motion for a new trial, and that he (the judge) adhered to his rulings, for the reasons which he gave. The judge, therefore, was given the opportunity to correct his error, and insisted that he had made none.
 

 The defendant in this case is condemned to serve a sentence of imprisonment at hard labor in the penitentiary for a term not less than sixteen months nor more than two years, without having had a legal trial, or the right of appeal; and the only reason for that, as I see it, is that the defendant’s attorney did not say, in so many words, in his so-called motion in arrest of judgment, that if his client was not entitled to be finally discharged she was at least entitled to a new trial. It is certain that the attorney- did not intend to abandon his client’s right to a new trial, because he stressed, to his very last effort in the district court, every complaint which might entitle her to a new trial, and which could not entitle her to an arrest of judgment, or final discharge. In fact, it would be a terrible indictment of a lawyer to say that he intentionally abandoned his client’s right of appeal while complaining of an error for which the verdict ought to be set aside.