97 So.2d 396

**STATE of Louisiana**

v.

**Paul J. CAVANAH.**

No. 43093.

Feb. 25, 1957.

On Rehearing June 28, 1957.

Rehearing Denied Oct. 8, 1957.

Richard Dowling, Herbert J. Garon, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

Appellant was charged with the violation of R.S. 14:89, relative to crime against

nature, in that he had unnatural carnal copulation with a ten year old boy and, after a trial, was found guilty of attempted crime against nature. Following imposition of a sentence to serve two years and six months at hard larbor in the State Penitentiary, this appeal was taken, in which appellant relies on three bills of exceptions taken during the proceedings for a reversal of his conviction.

Bill No. 1 was reserved to the alleged failure of the judge to charge the jury wholly in writing, as required by Article 389 of the Code of Criminal Procedure, R.S. 15:389. In compliance with that Article, appellant requested, prior to the swearing of the first witness, that the judge deliver his charge in writing. The request was granted and the judge prepared in writing his general charge which he delivered to the jury at the close of the case. However, prior to the giving of this written charge, the judge, taking note of arguments of defense counsel imploring the jury not to consign defendant to the penitentiary, made an oral statement to the jury,[1] the substance of which is that it was the function of the jury to determine the guilt or innocence of the accused and that it should not be concerned with the penalty which the court might impose in event of a verdict of guilty.

1. The statement was taken down by the Court reporter and transcribed; it reads as follows:

"Under our system of law and the administration of public justice, the Jury has its particular place. The Jury finds the question of guilt or innocence, and that only. The Court imposes the sentence if the Jury should find the defendant guilty.

"The Legislature, the representatives of the people fixes the penalty, both the minimum and maximum and character of penalty that the Court in its wisdom might impose. Your function is simply to return a verdict of guilt or innocence without regard to the question of punishment. You have no right to acquit a guilty man, whom you believe guilty, because of the severity of the penalty as you might consider; nor should you convict a man whom you should have reasonable doubt about his guilt because the penalty might be relatively small.

"In view of the fact, however, that one counsel has used the word 'penitentiary' and the other 'prison' as to the possible punishment which could be visited upon the defendant, you should be acquainted with the law and the law says; insofar as punishment;

" 'Whoever commits a crime against nature shall be fined not more than $2,000.00 or imprisoned with or without hard labor for not more than five years or both.'

"Therefore, if you should find the defendant is guilty, it is within my judgment and discretion to fine him one dollar or two thousand dollars, and no jail sentence, and/or as an alternative, if he didn't pay the dollar or two thousand dollars, I could place him in the Parish Prison for as much as five years, or give him a jail sentence and a fine or give him a two thousand dollar fine and five years at hard labor at the Louisiana State Penitentiary.

"There is no such thing as a necessary jail sentence of any kind or character anywhere in this case. That is a matter that doesn't concern you at all, if you should find that the State has proved the defendant guilty beyond all reasonable doubt."

Upon completion of the judge's written charge to the jury, counsel reserved this bill of exceptions in which it is contended that the court violated the provisions of R.S. 15:389 in that his entire charge was not in writing. The rulings in State v. Rini, 151 La. 163, 91 So. 664 and State v. Wilson, 169 La. 684, 125 So. 854, are said to sustain this position.

In the cited cases, this Court held that the provision of law requiring the judge to deliver his charge in writing, when requested so to do, is mandatory and that, if any part of the charge is orally given, it constitutes reversible error even though the remarks are reported by the court stenographer.

Counsel for the State recognize the force of these pronouncements and they admit that, if the court's oral remarks in this case are properly characterized as part of the charge or a special charge, the remarks should have been reduced to writing before being read to the jury. However, they maintain that the remarks in question cannot be classified as a charge to the jury and that, since our law does not require that statements by the court which are not charges to the jury be first written, they could properly be given extemporaneously. In support of this contention, authorities from other jurisdictions with similar statutes are cited from which a general rule has been evolved. That rule is tersely stated in 23 C.J.S. Criminal Law § 1301, p. 886, as follows:

"The charge or instruction required by law to be reduced to writing is only that which the court may have to say to the jury in regard to the principles of law applicable to the case and to the evidence; and hence an oral statement or communication by the court to the jury, which is rather in the nature of a cautionary direction, and not fairly and strictly a direction or instruction on some question or rule of law involved in or applicable to the trial, need not be in writing."

Thus, the issue for decision here is whether the oral statement of the judge to the jury was properly a part of his general charge. In determining this question, examination should first be made of the applicable provisions of our law with respect to the essential ingredients of the judge's charge. The provisions will be found in the first six articles, preceding Article 389 (Articles 383–388) of Chapter IX of the Code of Criminal Procedure entitled "Charging the Jury".

Articles 383 and 384 relate to the province of the judge and the jury and provide that the jury are the judges of the law and the facts on the question of guilt or innocence; that it is the function of the jury to determine the weight and credibility of

the evidence and that the judge has the right to instruct the jury on the law.

Article 385 deals with the scope of the charge and provides that the judge shall charge the jury on the law applicable to the case.

Article 386 relates entirely to charges on responsive verdicts.

Articles 387 and 388 deal with the general charges of the judge to the jury, setting forth that it is essential for the judge to charge that the accused is presumed to be innocent; that it is his duty to give the defendant the benefit of every reasonable doubt and that it should not convict unless convinced of his guilt beyond a reasonable doubt.

It appears from the foregoing that there is no specific requirement for the judge to instruct the jury concerning the penalty which may be imposed in the event of conviction. This being so, it would seem to follow that a statement of the judge concerning the imposition of penalties which is given for the purpose of clarifying sympathetic appeals made by defense counsel to the jury, such as in this case, cannot be regarded as essential to the general charge and, therefore, need not be delivered in writing. This is the rule in other jurisdictions where it has specifically been held under statutes similar to our own that a statement by the judge to the jury, defining the penalty for the offense charged, or the

eligibility of the accused to parole following conviction, does not constitute part of the charge and need not be in writing. State v. Jensen, 114 Wash. 401, 195 P. 238; State v. Smith, 132 Iowa 645, 109 N.W. 115; State v. Skinner, 101 W.Va. 632, 133 S.E. 371, reversed on other grounds; State v. Carroll, 52 Wyo. 29, 69 P.2d 542; State v. Kennedy, 82 Mont. 165, 266 P. 386; State v. Lammers, 171 Kan. 668, 237 P.2d 410.

We hold that Bill No. 1 is untenable.

Bill of Exceptions No. 2 was reserved when the judge refused to give a special charge on general reputation and good character. The Court ruled the requested charge objectionable since it was not wholly pertinent and wholly correct, which is requisite under Article 390 of the Code of Criminal Procedure (R.S. 15:390). The first paragraph of said special charge reads as follows:

> "The general reputation of an accused for honesty, peace and quiet, and good morality, is competent evidence, and is to be considered by the jury together with all other facts and circumstances of the case."

In his per curiam, the judge points out that he had already given a complete charge on the general reputation and character of appellant as to "sexual morality" and he deduced that the request for a charge as to appellant's "honesty, peace and quiet" was not applicable to the case.

The ruling was correct. Under Article 480 of the Code of Criminal Procedure (R.S. 15:480), the evidence in this case was restricted to a showing of good character as to such moral qualities having pertinence to the crime with which appellant was charged, that is, his general reputation for sexual morality. See State v. Bessa, 115 La. 259, 38 So. 985; State v. Griggsby, 117 La. 1046, 42 So. 497 and State v. Banks, 138 La. 1090, 71 So. 194. Accordingly, the requested special charge, which included an instruction respecting honesty, peace and quiet, was not wholly correct and wholly pertinent. In other respects, the special requested charge was fully covered by the general charge.

Bill No. 3 was taken to the overruling of appellant's motion for a new trial. Except for the allegation that the verdict is contrary to the law and the evidence, which presents nothing for review, the motion contains only a renewal of the contentions made in the first two bills of exceptions, which we have already discussed.

The judgment and sentence are affirmed.

PONDER, J., dissents.

HAWTHORNE, J., absent.

On Rehearing

HAMLIN, Justice ad hoc.

A rehearing was granted in this case, limited to a reconsideration of Bill of Exceptions No. 1.

This bill was reserved to the alleged failure of the trial judge to charge the jury wholly in writing, as required by Article 389 of the Code of Criminal Procedure, LSA–R.S. 15:389, which reads:

"The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness."

The record discloses that prior to the swearing of the first witness, counsel for the appellant requested the trial judge to deliver his charge in writing, which request was granted. At the close of the case, prior to giving his written charge, the trial judge, taking note of arguments of defense counsel urging the jury not to consign the defendant to the penitentiary or prison, addressed the following oral remarks to the jury and instructed the reporter to take them down in writing:

"Under our system of law and the administration of public justice, the Jury has its particular place. The Jury finds the question of guilt or innocence, and that only. The Court imposes the sentence if the Jury should find the defendant guilty.

"The Legislature, the representatives of the people fixes the penalty, both the

minimum and maximum and character of penalty that the court in its wisdom might impose. Your function is simply to return a verdict of guilt or innocence without regard to the question of punishment. You have no right to acquit a guilty man, whom you believe guilty, because of the severity of the penalty as you might consider; nor should you convict a man whom you should have reasonable doubt about his guilt because the penalty might be relatively small.

"In view of the fact however, that one counsel has used the word 'penitentiary' and the other 'prison' as the possible punishment which could be visited upon the defendant, you should be acquainted with the law and the law says; insofar as punishment:

" 'Whoever commits a crime against nature shall be fined not more than $2,000.00 or imprisoned with or without hard labor for not more than five years, or both.'

"Therefore, if you should find the defendant is guilty it is within my judgment and discretion to fine him one dollar or two thousand dollars, and no jail sentence and/or as an alternative, if he didn't pay the dollar or two thousand dollars, I could place him in the Parish Prison for as much as five years, or give him a jail sentence and a fine or give him a two thousand

dollar fine and five years at hard labor at the Lousiana State Penitentiary.

"There is no such thing as a necessary jail sentence of any kind or character anywhere in this case. That is a matter that doesn't concern you at all, if you should find that the State has proved the defendant guilty beyond all reasonable doubt."

The issue for decision on this rehearing is whether the above quoted oral statement was a part of the general charge, and, if so, did its delivery constitute reversible error. This issue appears to have been settled by the opinion and decree of this Court in State v. Wilson, 169 La. 684, 125 So. 854, 855, wherein we held:

" * * * The general charge of the court was committed to writing, but, in connection with the giving of special charge No. 1, the court orally instructed the jury as to the law governing the matter of the recovery of the property by the owner, or its return to the owner by the acused, and charged the jury that such recovery or return of the property cannot be pleaded or urged as a defense to the prosecution. (Underscoring ours.) (Double underscoring italics of original decision.)

"Before the jury retired, and in the presence and hearing of the jury, defendant excepted to the charge of the

court on the ground that it was not entirely written, but was delivered orally in part.

"As shown by the clerk's note of evidence, the court then instructed the jury to ignore the oral part of the charge." (Double underscoring italics of original decision.)

"Under the doctrine of State v. Rini, 151 La. 163, 91 So. 664, this is a fatal error. The statute is mandatory that the charge must be given wholly in writing, when the request is made timely by a defendant. Revised Statutes of 1870, § 28.

"Article 389 of the Code of Criminal Procedure also provides that: 'The judge shall deliver his charge in writing, whenever requested so to do either by the prosecution or the defense prior to the swearing of the first witness.' (Double underscoring italics of original decision.)

"The framers of the Code of Criminal Procedure were familiar with the interpretation placed by this court on section 28 of the Revised Statutes, relating to requests for charges in writing to the jury, and, as the provisions of the Code are similar to those of section 28 of the Revised Statutes, the same interpretation must be placed upon the later provision of the Code.

"It was contended by the trial judge in the Rini case that the portion of the charge taken down by the stenographer would have been the same if he had embodied it in a written charge. * *

"The instruction of the trial judge that the jury ignore the oral part of the charge given does not, in our opinion, cure the error resulting from his failure to give the whole charge in writing, after timely request made by defendant."

In the present case, the court orally and extemporaneously charged the jury as follows:

"Under our system of law * * * Your function is simply to return a verdict of guilt or innocence without regard to the question of punishment. You have no right to acquit a guilty man, whom you believe to be guilty, because of the severity of the penalty as you might consider; nor should you convict a man whom you should have reasonable doubt about his guilt because the penalty might be relatively small." (Underscoring ours.)

"In view of the fact, however, that one counsel has used the word 'penitentiary' and the other 'prison' as to the possible punishment which could be visited upon the defendant, you should be acquainted with the law and the law says; insofar as punishment:" (Underscore ours.)

" 'whoever commits a crime against nature shall be fined not more than $2,000.00 or imprisoned with or without hard labor for not more than five years or both.

\*      \*      \*      \*      \*      \*

"There is no such thing as a necessary jail sentence of any kind or character anywhere in this case. That is a matter that doesn't concern you at all, if you should find that the State has proved the defendant guilty beyond a reasonable doubt." (Underscoring ours.)

In our opinion, a comparison of the emphasized portions or elements of the charge in this case with the emphasized portions of the opinion in the Wilson case, supra, clearly shows a similarity between the two cases.

In the instant case there was no statement by the trial judge to the jury that it ignore the oral or extemporaneous charge. Even though the admonition to ignore the oral charge was given in the Wilson case, supra, this Court on appeal held that said admonition did not cure the error resulting from the failure to give the whole charge in writing after timely request made by counsel.

In its brief on original hearing, the State admits that if the trial judge's remarks are characterized as part of the charge, or a special charge, they should have been reduced to writing before being read to the jury.

In 88 C.J.S. Trial § 266, p. 725, we find the following definition of a charge:

"A 'charge' which, in common-law practice, is regarded as synonymous with 'instruction,' is the final address made by a judge to the jury trying a case, before they make up their verdict, in which he sums up the case, and instructs the jury as to the rules of law which apply to its various issues, and which they must observe in deciding on their verdict when they shall have determined the controverted matters of fact; the address made by the judge after the case has been closed, when he comments on the testimony or instructs the jury in any matter of law arising on it; the exposition by the court to a petit jury of those principles of the law which the latter are bound to apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the rights of the parties to the suit; \* \* \* any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding to make a final disposition of the case in favor of one litigant or the other."

In LSA–R.S. 15:385, it is stated:

"The judge shall charge the jury on the law applicable to the case and shall charge the jury that it is their

duty to accept and to apply the law as laid down for them by the judge."

The above quoted charges to the jury followed the mandate of LSA–R.S. 15:385, and its contents were those set forth in the statement from C.J.S., supra.

We conclude that the instant instruction to the jury must be characterized as a charge, and under the clear and concise provisions of LSA–R.S. 15:389 it should have been in writing.

LSA–R.S. 15:389 is couched in the mandatory "shall", and the questions of reversible error and prejudice cannot be considered.

In the Wilson case, supra, it is further stated:

"The argument that the accused suffered no injury was made in the Rini case, as in the present case, but was without avail, as: 'Written charges are often better considered, more clearly expressed, and, in complicated cases at least, less likely to contain error. An oral charge, although when the judge is delivering it, he knows that it is being taken by a stenographer, is not so likely to secure these advantages. Therefore, for this reason, and no doubt for others, the law permits either party to the case to require that the charge be delivered in writing.' State v. Rini, 151 La. 179, 91 So. 664, 669."

We further conclude that the authorities relied upon by the State must yield to the rulings pronounced in the Wilson and Rini cases, supra.

The decree rendered by this Court on the original hearing of this matter having been set aside by the granting of a rehearing, it is now ordered that the conviction and sentence appealed from be annulled and set aside, and that this case be remanded to the trial court to be proceeded with according to law and the views herein expressed.

The right of the State to apply for a rehearing is reserved.

McCALEB and SIMON, JJ., dissents.

HAWTHORNE, Justice (dissenting).

I think the views expressed in the original opinion are correct.

McCALEB, Justice (dissenting).

I adhere to the views expressed in the original opinion that the remarks of the trial judge to the jury in this case were cautionary directions and cannot be fairly characterized as a charge within the meaning of R.S. 15:389, which requires the judge to deliver his charge in writing whenever requested so to do.

The prevailing opinion on rehearing attempts to place this case on the same footing as State v. Wilson, 169 La. 684, 125

So. 854. But that case is clearly distinguishable from this one. There, the judge orally instructed the jury as to the law governing the matter of recovery of the property by the owner or its return to the owner by the accused, who was on trial for obtaining goods under false pretenses with intent to defraud and who had requested a written charge. This instruction was violative of R.S. 15:389 because it involved a principle of law pertaining to the guilt or innocence of the accused and it was admittedly given as a *special charge* to the jury.

Here, as demonstrated in the original opinion, the remarks of the judge to the effect that the jury was not to be concerned with the sentence which might be imposed, in the event it found appellant guilty, had nothing whatever to do with his guilt or innocence; it was neither a special charge nor did it form part of the general charge.

Furthermore, even if the remarks could be fairly viewed as a charge and thus violative of the statute, the infraction, at best, would have been purely of a technical nature from which appellant sustained no injury and, if Article 557 of the Code of Criminal Procedure (R.S. 15:557) means anything at all, appellant should not be granted a new trial. That Article, which is founded on the just concept that reversals of convictions in criminal cases based on technical errors are not favored, expressly provides that a new trial is not to be granted for any error of any matter of pleading and practice unless the court, after an examination of the entire record, is convinced that it has probably resulted in a miscarriage of justice and that errors which are insubstantial will not constitute grounds for reversal even though a statutory right has been violated.[1] There is not the slightest doubt in this case that the remarks of the judge were in accordance with law and were sound directions given to the jury to counteract the sympathetic appeals made by defense counsel for an acquittal.

The purpose of R.S. 15:389 is to secure to the accused the right of having the charge of the court placed in writing in order that he may avail himself of any error therein. In construing a similar statute many years ago, Mr. Justice Brewer

[1.] State v. Rini, 151 La. 163, 91 So. 666, which holds that it is a fatal error if any part of the requested charge is orally given, was decided long before the enactment of the Code of Criminal Procedure in 1928. Therefore, that decision is not authority for a holding that a new trial must be granted because of a technical violation of Article 389 when no substantial right of the accused has been prejudiced. The opinion in State v. Wilson, 169 La. 684, 125 So. 854, which is founded on the ruling of the Rini case, does not refer to Article 557 of the Code of Criminal Procedure and, therefore, cannot be regarded as authority compelling the granting of a new trial where the error complained of does not work substantial injury to the accused.

(subsequently a member of the United States Supreme Court) said in State **v.** Potter, 15 Kan. 302, "* * * that it was not intended to cast any unnecessary burdens upon the court, or to hamper and restrict communications between the court and the jury; that it should be so construed as fairly to secure that purpose, and not made a mere weapon of technical error; * * *".

I respectfully dissent.