STATE, RESPONDENT, v. BRENNAN, APPELLANT.

(No. 6,780.)

(Submitted March 14, 1931. Decided April 25, 1931.)

[300 Pac. 273.]

*Mr. Lewis R. Brown* and *Mr. James H. Baldwin,* for Appellant, submitted a brief; *Mr. Baldwin* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for the State, submitted a brief; *Mr. Davidson* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The defendant was charged with the crime of selling morphine hydrochloride, a narcotic drug, a felony, committed in Silver Bow county on or about the twenty-seventh day of January, 1930. Upon his plea of not guilty he was tried to a jury which by its verdict found him guilty, and fixed his punishment at ten years' imprisonment in the state prison at Deer Lodge, and a fine of $3,000, upon which judgment was accordingly duly entered. The defendant moved for a new trial, which was denied, and the cause is now before us on appeal from the judgment and the order denying him a new trial.

Of the several specifications of error assigned by the defendant, we are of opinion that the principal question necessary for determination is whether section 3186, as amended, or section 3189, is controlling. What is the law applicable?

1. By section 11239 of the Revised Codes of 1921, enacted in 1895, it is provided, so far as here pertinent to be considered, that "every person who sells, or in any way disposes of, to another person, any morphine, opium, cocaine, chloralhydrate, or any of their compounds, except to a licensed physician, or on authority of a certificate of such licensed physician * * * is punishable by a fine not exceeding two hundred dollars."

In 1911 the legislature passed a law providing specifically "that it shall be unlawful for any person to sell, furnish or dispose of any opium, morphine, alkaloid-cocaine, or alpha or beta eucaine, or codeine or heroin, or any derivative, mixture or preparation of any of them, except upon the signed prescription of a physician or veterinarian duly licensed under the laws of this state," etc., and it was provided that "any person found guilty of the violation of this Act shall be punished for

each separate offense &ast; &ast; &ast; by a fine of not less than fifty ($50.00) dollars, nor more than five hundred ($500.00) dollars, or imprisonment in the county jail for a period of not less than sixty days, nor more than one hundred days, or both such fine and imprisonment." (Chap. 11, Laws 1911.) This statute was carried forward into the Revised Codes of Montana of 1921, as sections 3186 to 3188, both inclusive, the punishment provided, as above shown, being prescribed by section 3188, as carried into the Codes.

In 1921 an Act was passed entitled:"An Act to regulate the production, manufacture, sale, barter, exchange, distribution, dealing in, giving away, dispensing, or the disposing of any manner of opium or coca leaves, their salts, derivatives or preparations, &ast; &ast; &ast; to provide that under certain conditions the possession of said drugs shall be unlawful &ast; &ast; &ast; providing penalties for its violation, and repealing all Acts in conflict herewith." So far as here pertinent, it is by the Act provided that "it shall be unlawful for any person to sell &ast; &ast; &ast; at retail, or to a consumer, *opium or coca leaves,* or any compound, manufacture, salt, derivative, or preparation thereof, within the state, except upon the original written prescription of a duly licensed physician &ast; &ast; &ast; ." And it was provided "that any person who violates or fails to comply with any of the requirements of the Act, shall, on conviction, be punished by a fine not more than one thousand dollars ($1,000.00) or by imprisonment for not more than three years, or by both such fine and imprisonment." (Chap. 202, Laws 1921.) This Act was carried forward into the Revised Codes of 1921 as sections 3189 to 3202, both inclusive, the prohibitory provision thereof being found in section 3189. Section 3202, which prescribes the punishment for violation of the Act, was amended in 1925 and so far as here pertinent, reads, as amended: "Any person, either principal or agent, except such persons as are duly authorized by law, having possession or control of any drug mentioned in sections 3189 to 3202, both inclusive, of the Revised Codes of Montana of 1921, shall upon conviction, be punished by a fine of not less than Five hundred dollars ($500.00), nor more than Three

Thousand Dollars ($3,000.00), and by imprisonment in the State Prison for not less than one year, nor more than five years." And "any person, either principal or agent, who sells, barters, exchanges, distributes, gives away, or in any manner disposes of any of the drugs mentioned in the sections above designated to a person over the age of eighteen (18) years, contrary to the provisions of said sections of the Revised Codes of Montana of 1921, shall, upon conviction, be punished by a fine of not less than One Thousand Dollars ($1,000.00), nor more than Three Thousand Dollars ($3,-000.00), and by imprisonment in the State Prison for not less than five (5) years, nor more than ten (10) years.

"Any person, either principal or agent, who sells, barters, exchanges, distributes, gives away, or in any manner disposes of any of the drugs mentioned in the sections above designated, contrary to the provisions of said sections of the Revised Codes of Montana of 1921, to any person of the age of eighteen (18) years, or under, shall, upon conviction, be punished by imprisonment in the state prison for not less than five years nor more than life." (Chap. 38, Laws of 1925.)

In this condition of our statutory law, in a case involving a conviction for the unlawful sale of cocaine, this court in December, 1925, speaking through Mr. Chief Justice Callaway, in applying the statutes, said: "An examination of the statutes convinces us that the legislative assembly, in enacting Chapter 202 of the Laws of 1921, intended thereby to supersede the provisions of sections 11239 and 3186 in so far as they relate to opium or coca leaves, or any compound, manufacture, salt, derivative or preparation thereof. The legislative purpose undoubtedly was to curb the illicit traffic in the drugs comprehended which, as everybody knows, then was becoming a serious menace to the body politic. The last section of Chapter 202 provided heavy penalties for an infraction of the Act. An attempt to increase these penalties in 1923 failed (*State* v. *Mark*, 69 Mont. 18, 220 Pac. 94), but in 1925 the legislative assembly again took up the subject and by amending section 3202 (formerly Chapter 202, sec. 15) provided the heavy penalties which now obtain (Sess. Laws of 1925, p. 39), and under

the weight of which the defendant suffers. To the extent, then, that section 3189 comprehends, or conflicts with, the subject matter of sections 3186 and 11239, it supersedes those sections and is controlling. (*State* v. *Miller,* 69 Mont. 1, 220 Pac. 97; *In re Naegele,* 70 Mont. 129, 224 Pac. 269.)'' (*State* v. *Wong Fong,* 75 Mont. 81, 241 Pac. 1072.)

In 1927, the legislature passed an Act to amend section 3186 of the Revised Codes of 1921, to read as follows: ''Sale of Opium, Morphine, Mariahuana, and their derivatives. It shall be unlawful for any person to sell, furnish or dispose of any opium, morphine, alkaloid-cocaine, or alpha or beta eucaine, or heroin, or mariahuana (Cannabis Indica), or any derivative, mixture, or preparation of them, except upon the signed prescription of a physician or veterinarian duly licensed under the laws of the State of Montana, * * * .'' (Chap. 91, Laws 1927.) No separate provision, or change in existing statutes as to punishment was attempted to be provided in the Act.

In 1929 section 3186 of the Revised Codes of 1921, as amended by the Laws of 1927, was again re-enacted and amended by the legislative assembly in unimportant particulars, so far as we are here concerned. (Chap. 5, Laws 1929.)

In this situation as respects our statutory law upon the subject, in the recent case of *State* v. *Mah Sam Hing,* ante, p. 178, 295 Pac. 1014, decided February 2, 1931, involving a conviction for the unlawful possession of cocaine hydrochloride, Mr. Justice Matthews speaking for this court, said that the provisions of Chapter 202 of the Laws of 1921, embracing sections 3189 to 3202 of the Revised Codes of 1921, ''in so far as they relate to opium or coca leaves, or any compound, manufacture, salt, derivative, or preparation thereof,. supersede those of the Act of 1911, of which section 3186 is a part.''

By section 3186 the legislature of 1911 prohibited the sale of ''opium, morphine, alkaloid-cocaine, or alpha or beta eucaine, or codeine or heroin, or any derivative, mixture or preparation of any of them.'' Opium is defined as a drug consisting of the inspissated juice of the opium poppy; mor-

phine, the principal alkaloid of opium, therefore, is in some manner manufactured from opium. Cocaine is an alkaloid obtained from coca leaves; it is commonly called cocaine, but technically "alkaloid-cocaine." In section 3186 reference is next made to "alpha or beta eucaine"; eucaine is "eu-cocaine," "eu" being a prefix signifying "well, good, advantageous"; clearly it is derived from cocaine; it has two distinct forms "a" and "b" (alpha and beta) and is used in the form of hydrochlorides. Codeine is .an alkaloid associated in opium with morphine, therefore extracted in some manner from opium. Heroin is a derivative of morphine, which in turn comes from opium. (See Webster's Int. Dictionary.) Therefore, every drug mentioned in section 3186 is obtained in some manner from opium or coca leaves, and the courts take judicial notice of the fact that morphine is a derivative of opium. (*State* v. *Vallie*, 82 Mont. 456, 268 Pac. 493.)

When, therefore, the legislature of 1921, in passing Chapter 202 (section 3189) declared a prohibition against the sale of "opium or coca leaves or any compound, manufacture, salt, derivative or preparation thereof," they included in that prohibition every drug mentioned in section 3186, and by prohibiting the sale of any substance obtained from them (as the comprehensive terms used do) they broadened the scope of the prohibition to take in every drug of the prohibited nature enumerated in section 3186. And when we declared in *State* v. *Wong Fong*, 75 Mont. 81, 241 Pac. 1072, that the legislature intended to supersede section 3186 "in so far as they relate to opium or coca leaves, or any compound," etc., in effect we held that the legislature intended to entirely supersede section 3186 by section 3189. Clearly the intention of the legislature was to enact an entirely new and more drastic law upon the subject, covering and broadening all of the provisions of the then existing laws; and when it did so, section 3186 was thereby repealed *in toto*.

Again, it is manifest that the legislature intended that from that time forth the violation of the prohibition against traffic in narcotic drugs should be a felony instead of a misdemeanor, as theretofore; consequently it provided an entirely new pen-

alty, now section 3202, and as that section covers any violation of the Act of 1921, and that Act entirely supersedes and repeals the Act of 1911, section 3202 repealed section 3188.

In the *Mah Sam Hing Case* we said that the later enactments in 1927 and 1929 in turn superseded the provisions of section 3189, although we permitted the penalty to remain as fixed under the provisions of section 3202, applying to the violation of the Act of 1921. In this we were wrong. However, our present views here expressed do not affect the correctness of the conclusion reached in that case.

Section 98, Revised Codes 1921, declares that "an Act amending a section of an Act repealed is void." And since the Act of 1927, and also that of 1929, attempt to amend section 3186, by implication repealed by section 1 of the Act of 1921 (sec. 3189), both of these later enactments are void, and the section fixing the penalty is section 3202, as amended by Chapter 38, Laws of 1925. It was not possible for the legisislature to put life into a dead statute by amendment of it.

2. But it is argued that since the information does not charge that the morphine decoction was not sold upon the prescription of a duly licensed physician or veterinarian, —and as an exception is by the statute recognized where morphine is so sold,—the information is so faulty as not to support the verdict and judgment. There is no merit to this contention, as it is specifically provided by section 3200 of the Revised Codes of 1921 that it shall not be necessary to negative any of the exceptions stated in the statute in the information, the burden of proof of his coming within the exceptions resting upon the person accused as a matter of defense. (*State* v. *Vallie*, supra; *State* v. *Mark*, 69 Mont. 18, 220 Pac. 94.)

3. It is also urged that the information is defective because there is no statement of the age of the purchaser of the morphine to whom it was alleged to have been unlawfully sold, and therefore it is so lacking in certainty as not to permit the court to pronounce proper judgment upon a conviction. This contention is likewise without substance. The ultimate facts required to be charged in the information are such as show a violation of the statute, and from the evidence the court

will determine the proper instructions to be given the jury as to punishment and be guided thereby in sentencing one convicted and in entering judgment in accordance with the law.

While the record does not show the age of Frank Davis, the government secret service agent to whom the defendant made sale of the morphine, defendant should not be heard to complain since the court instructed the jury respecting the maximum and minimum penalty prescribed for making an unlawful sale of morphine to a person over the age of eighteen years, and said nothing respecting the more severe penalty; and the jury by its verdict and the court by its judgment accordingly assessed the penalty. Since the punishment meted out to the defendant was less than the penalty prescribed for a sale of such drugs to a person under eighteen years of age, and within the limits prescribed for a sale to a person over eighteen years of age, the rights of the defendant were in no manner affected injuriously. If he had been sentenced to twenty years or life imprisonment, then he would have just cause to complain respecting the jurisdiction of the court, in the absence of proof showing that the sale was made to a person under eighteen years of age.

The information must contain ''a statement of the facts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.'' (Sec. 11843, Rev. Codes 1921.) It must set forth the particular circumstances of the offense charged, when they are necessary to constitute a complete offense. (Id. 11845.) And of course, the act or omission charged as the offense is required to be stated with such a degree of certainty as will enable the court to pronounce judgment upon a conviction in accordance with the law applicable. (Id. 11852.)

In this case the information meets all of these requirements. It charges ''that at the county of Silver Bow, State of Montana, on or about the 27th day of January, A. D. 1930, and before the filing of this information, the said defendant did wilfully, unlawfully, wrongfully, knowingly, intentionally

and feloniously sell, barter, dispose of and distribute at retail, to-wit, to one Frank Davis, a human being, a certain derivative, compound, manufacture and salt of opium known as morphine hydrochloride, * * * and that said morphine hydrochloride was not then and there sold, bartered, distributed or disposed of upon the original written prescription of a duly licensed physician, duly licensed to practice medicine in the State of Montana, nor upon any prescription whatever.'' The offense charged cannot be misunderstood by a person of common understanding; all that is required to constitute the complete offense is stated and it is charged with such certainty that the court cannot make any mistake, after hearing the evidence, in pronouncing judgment upon conviction in accordance with the penalties prescribed by law. It not being required that the information negative the exceptions named in the law (*State* v. *Vallie,* supra), neither is it necessary to allege the age of the person to whom the drug is unlawfully sold. The age of the person to whom the sale is made has nothing to do with the commission of the offense, and is only required to be taken into consideration by the court and jury from the proof adduced in prescribing the penalty upon a conviction.

We have carefully examined all of the defendant's assignments of error, and not finding other questions presented meriting serious consideration, the judgment and order are affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.

Rehearing denied May 22, 1931.