183 So. 685

## HUMPHRIES v. STATE.

### 8 Div. 602.

Court of Appeals of Alabama.

June 30, 1938.

Rehearing Denied Oct. 4, 1938.

Henry D. Jones, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This is an appeal from a judgment of conviction for a violation of the state prohibition law by having beer in his possession unlawfully.

The undisputed proof disclosed that the officers found a large quantity of lager beer labelled "Budweiser," "Schlitz" and "Cooks," on defendant's premises in a little unfinished house near his dwelling. Also an ice box with ice in it containing some of said beer, and that the defendant on that occasion admitted the beer was his, and he also so testified on the trial of this case.

The exceptions reserved to the court's ruling upon the admission of evidence are without merit. Most of the evidence in this connection was of the res gestae and tended to describe the locus in quo. Other exceptions reserved pending the trial are likewise unavailing to defendant as no reversible error appears in any of these rulings.

The judgment of conviction in this case is affirmed upon authority of Williams v. State, ante, p. 73, 179 So. 915.

Affirmed.

### On Rehearing.

In the application for rehearing appellant urges this court to reverse and remand this case for that at the time of the commission of the alleged offense the Attorney General of Alabama had rendered an opinion to the effect that prohibited liquors, legally acquired, could be lawfully possessed in the several "dry counties" of the State, and that the opinions to the contrary by the appellate courts of this State were rendered and promulgated subsequent to that time.

If this court should accord to the earnest appeal of appellant's counsel and reverse and render this case for the reasons stated, we would assume a prerogative not vested upon the court by law. Our jurisdiction in cases of this character is appellate only, and review here, in such cases, is limited to matters upon which action or ruling at nisi prius was invoked or had. We are without power or authority to parole or pardon a person convicted of crime.

In reviewing cases submitted to this court we must be governed by the law controlling the questions involved. Written opinions of the Attorney General are not controlling. They are merely advisory and under the statute such opinions operate only to protect the officer to whom it is directed from liability because of any official act performed by such officer as directed or advised in such opinions.

In numerous cases rendered recently by this court it has been affirmatively held that the prohibition laws formerly in force for this entire State, are still in full force and effect in the several counties of this State who voted dry in the election under the Alabama Beverage Control Act. Gen. Acts of Alabama, 1936–37, Ex. Sess., p. 40 et seq.

We must perforce order that the application for rehearing be denied.

Application overruled.