### Ratliff v. Hill, Judge.

Jan. 29, 1943.

A. B. Combs and Joe P. Tackett for appellant.

W. W. Burchett for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Affirming.

This action was filed by the appellant, J. B. Ratliff, operator of a roadhouse, against the appellee, Edward P. Hill, County Judge of Floyd County, seeking a writ of prohibition to prevent enforcement of an order of the county court requiring roadhouses to close at eight o'clock P. M. and to remain closed on Sunday.

The petition, as amended, alleged that Chap. 47 of the Acts of 1938 (KS Supp. 1938, sec. 1599f-1 et seq., KRS 231.010) providing for the regulation of roadhouses and houses of entertainment was unconstitutional and that consequently the county judge, in proceeding to act under a void statute, was acting beyond his jurisdiction so as to entitle appellant to a writ of prohibition. It was further alleged that the action of the

county judge in fixing the closing hours of roadhouses at eight o'clock P. M. and in requiring them to remain closed on Sunday was arbitrary and unreasonable and resulted in depriving appellant of his property without due process of law in violation of the 14th Amendment to the Federal Constitution.

Special and general demurrers to the petition as amended were filed. The special demurrer was overruled. The general demurrer was sustained and the petition dismissed when appellant declined to plead further and the appeal is from the judgment of dismissal.

The Act of 1938 in question applies only to roadhouses and places of entertainment outside of incorporated cities and towns. Section 8 of the Act (KS Supp. 1938, Sec. 1599f-8, KRS 231.100) is as follows:

"Within thirty days after the passage of this Act and before any permit shall be granted the county court shall by an order entered in said order book provide for reasonable hours of operation for places of business of like nature throughout the county."

It is contended by appellant that the Act is unconstitutional and void as being in violation of our Bill of Rights which prohibits the granting of exclusive privileges and of section 59 of our Constitution which prohibits special or local legislation. Involved in this contention also is the claim that the Act violates the 14th Amendment to the Federal Constitution in that equal protection of the law is denied to operators of roadhouses located outside of incorporated cities and towns.

While admitting that the constitutional provisions referred to do not forbid a classification based on reasonable and natural distinctions, appellant contends that there is no reasonable basis for the classification of roadhouses in the Act so as to exclude those located in cities and towns. We think it is clear that such a classification is one made on reasonable and natural distinctions, having a reasonable relation to the purpose of the Act. Roadhouses within cities and towns have police protection and are subject to police regulation and supervision while those outside of cities and towns do not have these advantages and are not subject to such supervision. This fact alone is sufficient to support the classification. Numerous cases cited by appellant have no application since

there was a clear lack of a rational basis for the classifications made by the Acts under consideration in those cases.

It is next contended that the provision giving county judges power to fix reasonable hours of operation is an unreasonable and unlawful delegation of authority by the Legislature and therefore void. We think this position is untenable. In Ashland Transfer Co. v. State Tax Com., 247 Ky. 144, 56 S. W. (2d) 691, 696, 87 A. L. R. 534, the question of delegation of power by the Legislature was reviewed at length and, in quoting from Bloxton v. State Highway Comm., 225 Ky. 324, 8 S. W. (2d) 392, we said:

"Therefore when we say that the Legislature may not delegate its powers, we mean that it may not delegate the exercise of its discretion as to what the law shall be, but not that it may not confer discretion in the administration of the law itself."

The Legislature, by the provision in question, did not delegate to county judges the power to make a law but merely conferred an authority or discretion as to its execution, to be exercised under and pursuant to the law. It is self-evident that conditions in the various counties are different—a reasonable closing hour in one county might be entirely unreasonable in another. The Legislature, recognizing this, merely vested a discretion in the county judge as to the execution of the law by directing that officer to fix a reasonable closing hour. We think there is no unlawful delegation of authority contained in the Act.

The remaining question is whether the action of the county judge in fixing the closing hour at eight o'clock P. M. and requiring closing on Sunday was arbitrary and unreasonable.

There can be no doubt that closing hours imposed by legislation on ordinary, legitimate occupations must be reasonable and such regulations are an unconstitutional invasion of the right to earn a living unless they have a reasonable relation to the admittedly proper exercise of the police power. See City of Louisville v. Kuhn, 284 Ky. 684, 145 S. W. (2d) 851, in which it was held that an ordinance requiring barber shops to close at six P. M. was void. But in the same case the authorities are re-

viewed and it is pointed out that such a regulation is valid where there is a plausible and reasonable connection between the regulation and the supposed evils to be suppressed.

There is no difficulty in perceiving that the closing hours for roadhouses fixed by the appellee tends towards preventing crime and promoting public morals, safety and welfare. The Legislature, by the Act in question, set this occupation apart as a hazardous one requiring strict regulation in the interest of the public welfare. That its action in so doing was eminently reasonable and proper is hardly subject to doubt. It is common knowledge that since repeal of the prohibition amendment and subsequent legalizing of liquor sales the roadhouse question has been a burning one in this state. Newspapers are replete with accounts of crimes committed or originating in roadhouses and portray in their pages a constant succession of indictments and trials of nuisance cases in connection therewith. The records of this court reveal that in a large percentage of crimes with which we deal there was a roadhouse background, either as the place of commission or origination of the crime. It was in an effort to ameliorate this well known condition that the Legislature acted in imposing on county judges the duty of fixing reasonable closing hours. Some discretion was vested in the judges to meet the situation as it was presented in the various counties. It is only where the hours fixed for closing appear to be so unreasonable as to indicate an abuse of this discretion and purely arbitrary action upon the part of the county judge that the courts are warranted in interfering.

We do not regard the particular hours fixed by the appellee as being so unreasonable as to indicate arbitrary action on his part. This being true, the trial court correctly sustained the demurrer and dismissed the petition.

Affirmed. Whole court sitting.