# City of Jackson et al. v. Murray-Reed-Slone & Co. et al.

March 10, 1944.

Moss Noble for appellants.

O. J. Cockrell for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This action was instituted by Murray-Reed-Slone & Company, a corporation, and its employee, Vince Noble (hereinafter referred to as plaintiffs), against the City of Jackson, Kentucky, and J. P. Haney, its police judge (hereinafter referred to as defendants), to enjoin them from enforcing an ordinance enacted by the city council requiring all places of business in the city to remain closed between midnight and 4 a. m., and to have the ordinance adjudged unconstitutional. The chancellor granted the relief sought and defendants appeal.

The case was not submitted upon stipulation and evidence was heard, but there appears to be no material contrariety of facts. The last census gave Jackson's population as 2100, but due to war conditions it had dropped to about 1500 at the time this action was instituted. There are no factories in the town and the only plant employing any considerable number of people late at night is the NYA where ten to fifteen young people are receiving training in war industries. There are seven places in Jackson licensed to sell either beer or whiskey, which are required by KRS 244.290 to remain closed between midnight and 8 a.m.

On February 24, 1934, the council of the City of Jackson enacted this ordinance: "Be it ordained by the Board of Council of the City of Jackson, Kentucky, that all places of business within the City shall close not later than 12:00 o'clock midnight, and remain closed until 4:00 o'clock A. M., each day." (Then follow penalties).

Murray-Reed-Slone & Company is a corporation which operates wholesale and retail grocery stores in the cities of Lexington, Georgetown and Jackson, and in the latter place it owns and operates the White Flash restaurant twenty-four hours a day. The restaurant is located on the public square and sells sandwiches, ham-

burgers, milk, coffee and soft drinks. It contains no booths or private dining room; has no musical instruments, slot or pinball machines and no drinking of intoxicants or rowdyism is permitted on the premises. It was testified that after the liquor establishments closed at midnight their patrons would come to the restaurant for food and on several occasions police arrested persons on the street in front of or near the restaurant for being drunk or disorderly.

Formerly the restaurant served many truck drivers between midnight and 4 a. m., but since gasoline rationing caused by the war its business has fallen off until its receipts between these hours average about $5 each night. The Mayor testified the town has but two policemen and if restaurants and other public places remain open all night it would necessitate doubling the police force and the town is not in financial condition to bear this additional expense.

It is apparent that if this ordinance is to be upheld resort must be had to the police power of the city since Sec. 1, subsec. 5 of our Bill of Rights, guarantees to citizens "the right of acquiring and protecting property," and Sec. 2 of that liberty-protecting instrument says that arbitrary power may not be exercised over the property of freemen. It has been written many times that a municipal corporation through its police power cannot arbitrarily regulate the conduct of business but that such regulation must be reasonable, and in no event may a city impose unnecessary restrictions upon lawful and harmless occupations under the guise of protecting the public interest. An ordinance regulating the hours during which such a business may be operated which does not directly or remotely tend to benefit the public health, morals, safety or the general welfare, cannot be justified on the theory that it was passed under the police power. 37 Am. Jur. Secs. 305 and 307, pages 956-961; Tolliver v. Blizzard, 143 Ky. 773, 137 S. W. 509, 34 L. R. A., N. S., 890; City of Louisville v. Kuhn, 284 Ky. 684, 145 S. W. (2d) 851; City of Harlan v. Scott, 290 Ky. 585, 162 S. W. (2d) 8. See annotations 55 A. L. R. 242. As was said in the Kuhn case, the legislation must always be reasonable and not more destructive to public interest than beneficial.

Ordinances prescribing the hours of opening and closing of several character of business activities which

have potential influences detrimental to public morals, such as pool-rooms, soft drink stands, roadhouses, tourists camps, pawn shops, second-hand stores, junk dealers, etc., are upheld on the ground that they tend to remove the potential detrimental influences, Hyman v. Boldrick, 153 Ky. 77, 154 S. W. 369, 44 L. R. A., N. S., 1039; Churchill v. City of Albany, 65 Or. 442, 133 P. 632, Ann. Cas. 1915A, 1094; Ratliff v. Hill, 293 Ky. 36, 168 S. W. (2d) 336, 145 A. L. R. 754 (the last case deals with a restrictive statute and not an ordinance), 37 Am. Jur. Sec. 309, 962; 11 Am. Jur. Sec. 289, 1050. See annotations in 115 A. L. R. 1398.

The business of the restaurant involved in the instant case has no potential influences detrimental to public morals, but it is a useful and necessary business properly operated and we are unable to see how the closing of it between midnight and 4 a. m. would affect the health, morals, safety or welfare of the citizens of Jackson. Therefore, we conclude that the ordinance is arbitrary and unreasonable and violates Secs. 1 and 2 of our Bill of Rights.

The fact that the city may have to go to more expense in policing the town at night should business be transacted at late hours is no reason for sustaining the ordinance. It might as well be said that an ordinance closing a respectable mercantile establishment during the afternoon hours would be constitutional because such a business attracts crowds into the town which require more policemen to handle when such a house is operating than when it is closed.

Plaintiffs insist that the ordinance should be held invalid because it closes all business from midnight until 4 a. m. We need not consider that argument as they can complain only as to the manner in which the ordinance affects them and plaintiffs do not contend they suffered inconvenience otherwise than through the effort of the city to close their business and prosecute them for violating the ordinance.

The judgment is affirmed.

The whole Court sitting excepting Judge Ratliff, who was absent.

Judges Thomas and Cammack dissenting.