**212 P.2d 412**

**STATE v. TENINTY.**

No. 7562.

Supreme Court of Idaho.

Oct. 5, 1949.

On Rehearing Dec. 17, 1949.

2

Robert E. Smylie, Atty. Gen., Donald A. Purdy, Asst. Atty. Gen., Don J. McClenahan, Asst. Atty. Gen., J. N. Leggat, Asst. Atty. Gen., Charles Herndon, Pros. Atty., Salmon, for appellant.

F. A. McCall, Salmon, for respondent.

KEETON, Justice.

The respondent having been by the Probate Court of Lemhi County held to answer to the District Court for the unlawful sale of intoxicating liquor, the Prosecuting Attorney filed an information charging him with the crime of a felony, as follows: "That on or about the 16th day of January, 1949, at the Riverside Club, in Lemhi County, State of Idaho, the said Orba H. Teninty, then and there being, did then and there wilfully, unlawfully and feloniously sell liquor by the drink without a license, by then and there selling to Thomas Maydole a drink of liquor, to-wit: whiskey, without then and there having a license from the State of Idaho to sell the said liquor by the drink."

To the information the respondent demurred, challenging the jurisdiction of the Probate Court to hold him for trial in the District Court, and of the District Court to try him, for the reason, the respondent contended, the facts alleged charged only a misdemeanor in violation of Sec. 23-602, I.C., Act of 1939, Sec. 902, Chap. 222, and not a violation of Sec. 23-938, I.C., Act of 1947, Sec. 35, Chap. 274. The trial Judge sustained the demurrer and dismissed the information holding that Sec. 23-938, I.C., was intended to apply only to persons who thereafter might be issued a

4

license under the act. Chap. 274, Session Laws of 1947.

From the judgment of dismissal, the State appealed.

The respondent contends that Chap. 274 of the Session Laws of 1947 under which the proceedings were had is a local option act, and has no operation outside the limits of incorporated cities and villages which have elected to come within its provisions; and Sec. 23-938, I.C., 1947 Act, does not repeal either expressly or by implication Sec. 23-602, I.C., 1939 Act.

In other words, respondent contends that the unlawful sale in question, having taken place outside of the boundaries of a municipality licensing the sale of liquor by the drink, he could only be guilty of a misdemeanor, and in which event should have been tried in the Probate Court.

The State on the other hand contends that an unauthorized, unlawful sale of intoxicating liquor in any part of the state constitutes a felony, triable in the District Court.

The substance of the offense charged is the unlawful sale of intoxicating liquor. Section 23-602, I.C., supra, makes it unlawful to sell intoxicating liquor and provides a penalty. Section 23-938, I.C., makes it unlawful to sell intoxicating liquor without a license as provided for in the Act of 1947. Session Laws, 1947, Chap. 274. The latter section prescribes a different penalty than Sec. 23-602, I.C., Session Laws, 1939, Chap. 222. If Sec. 23-602, I.C., applies only to territory outside of a municipality which has authorized the sale of intoxicating liquor by the drink, and Sec. 23-938, I.C., applies only to municipalities that have authorized the sale of intoxicating liquors by the drink, then persons selling intoxicating liquor in what might be described as "dry territory" would be guilty of a misdemeanor. If Sec. 23-938, I.C., applies to all areas of the state, then the information was properly filed.

It will be noted that both sections make the unauthorized sale of intoxicating liquors unlawful, but the penalties prescribed by the sections are in conflict.

By Chap. 274, 1947 Session Laws, the legislature deemed it advisable and necessary for the protection of the health, welfare and safety of the people to further regulate and control the sale of alcoholic beverages. For that purpose a licensing scheme was designed which authorized the sale of alcoholic beverages by the drink at retail when such sale was made by persons properly licensed. For the first time since prohibition had become a state policy, the sale of liquor by the drink by licensees was made lawful, and the legislature in providing for such sale of intoxicating liquor, under conditions prescribed, designated it a felony to sell any intoxicating liquor without a license as in the act provided. The 1947 act was supplemental to, and in furtherance of, the objectives of prohibiting the sale except under license;

and unless or until one holds a license to sell intoxicating liquor by the drink, the sale of the same by anyone is defined as a felony.

In interpreting conflicting laws, in this case conflicting penalties, it is a rule of statutory construction that statutes should be construed as to effect the purpose thereof. Sec. 1, of the 1947 Act, Sec. 23-901, I.C., makes a declaration of policy, in part as follows: "It is hereby declared as the policy of the state of Idaho that it is necessary to further regulate and control the sale and distribution within the state of alcoholic beverages and to eliminate certain illegal traffic in liquor now existing and to insure the *entire control of the sale of liquor* it is advisable and necessary * * * *to provide severe penalty for the sale of liquor except* by and in state liquor stores and by persons licensed under this act." (Emphasis supplied.)

While the 1947 Act, supra, contains no direct repeal of Sec. 23-602, I.C., 1939 Act, the legislative intent to change the penalty for the unlawful sale of liquor seems to be clear and definite.

Where a statute prohibits an act and imposes a penalty for doing it, and a subsequent act imposes a different penalty for the same offense, the latter statute prevails, and this whether the penalty is increased or diminished. See 59 C.J. 938, Sec. 551.

The general rule that a statute prevails and impliedly repeals a prior inconsistent one applies where both statutes relate to the same subject. 59 C.J. 912, Sec. 515.

Under the construction contended for by respondent, if a person sold intoxicating liquor outside of an incorporated village or city, he would only be guilty of a misdemeanor, and if an unlawful sale were made within the limits of an incorporated village or city which licensed the retail sale of liquor by the drink, the offender would be guilty of a felony.

Such a construction would circumvent and render ineffectual the intent of the legislature in defining the unlawful sale of liquor.

It does not seem to us that a general statute prohibiting the sale of intoxicating liquor except as authorized by law could properly be construed to apply to territory licensing the sale of liquor by the drink, and no other.

Where two statutory penalties are in conflict, the one latest in point of time controls. A later statute prescribing a different punishment for an offense amends the former statute by implication.

In the case of State v. Garde, Idaho, 69 Idaho 209, 205 P.2d 504, 506, this court had under consideration the two statutes in question and after reviewing the history of such acts said: "For the reasons hereinbe-

**6**

fore stated, it is our conclusion that the legislature intended to fix July 1, 1947 as the date when the penalty clause of Chap. 274, making it a felony to sell intoxicating liquor without a license, would become effective."

Prior to the enactment of the 1947 Act, supra, it was unlawful for any person to sell intoxicating liquor except as provided for sale by the State in controlled liquor stores.

The 1947 Act made certain exceptions to this rule, namely: Licensees under prescribed conditions; and made it a felony for any person not coming within the prescribed exceptions to sell intoxicating liquor, and sales not covered by the exceptions were defined as a felony.

The word "person" as used in this Act means any person not holding a retail liquor license, and whether he could or could not obtain a retail liquor license is inconsequential. It is the sale that is unlawful.

To otherwise hold would divide each county into separate areas. In one area the unlawful sale of intoxicating liquor would be punished differently than in another area of the same county. This was not the intent of the legislature.

It was the obvious intention of the legislature to authorize the sale of liquor by the drink under certain prescribed conditions and to punish as a felony the sale of liquor by any person not holding a liquor license so to do. To otherwise hold would defeat the clear and obvious intention of the law making body.

We therefore conclude that the penalty for the unlawful sale of intoxicating liquor is prescribed by Sec. 23-938, I.C.; that this penalty applies to the whole state generally, and not alone to cities and villages that have elected to license the sale of intoxicating liquor by the drink.

The order sustaining the demurrer and judgment of dismissal of the information is therefore reversed, and the cause remanded with instructions to the trial court to overrule the demurrer to the information and proceed further in accordance with the views herein expressed.

HOLDEN, C. J., and GIVENS and TAYLOR, JJ., concur.

PORTER, J., dissents.

### On Rehearing

KEETON, Justice.

Rehearing was granted in the above case and the issues reargued on December 7, 1949. Respondent contends that the sale of liquor charged having occurred "outside of the incorporated limits of any city, or village, it follows that the defendant (respondent) could not under any circumstances have obtained or had in his possession a license at the time of the commission of the act charged, and if he shall be con-

victed of a felony he will be drastically punished for not having that which he could not obtain". And further "that in the crime of selling liquor without a license, that the failure to have the license at the time of making such sale is the 'Gist' of the offense; and, therefore, if it was impossible for him to obtain a license, he could be convicted of a misdemeanor only and be punishable under the provisions of the 1939 Act." Section 23-602, I.C.

In support of respondent's contention, he cites: Moore v. State, 126 Ga. 414, 55 S.E. 327 and Mitchell v. Dixon, 140 Tex. 520, 168 S.W.2d 654.

These cases, even if considered in point, are contrary to the great weight of American authority.

In 48 C.J.S., Intoxicating Liquors, § 132, page 241, the rule is stated as follows: "It is no justification to one selling liquor without a license, and no defense to a prosecution for unlicensed selling, that it was impossible for him to obtain a license, either because there was no provision for granting licenses in the particular district, or no officer competent to issue it, or for other reasons."

The rule is stated in 30 Am.Jur. 470, paragraph 405, as follows: "* * * according to the great weight of authority, the impossibility of securing a license [to sell intoxicating liquor] * * * is no excuse, although a few cases take the contrary view. In the cases taking the view that the defense is not good, the impossibility of obtaining a license may be due to a variety of causes, such as legislation forbidding traffic in liquors or the issuance of licenses, the absence of an officer or tribunal authorized to grant licenses, or the absence of a statute authorizing their issuance * * *."

The same contention made here was urged in the case of People v. Minter, 73 Cal.App.2d 994, 167 P.2d 11, 13. The defendant in that case had sold a bottle of whisky during hours that the sale of liquor was prohibited. The defendant argued that as the sale took place at an hour when a licensee could not legally make a sale, it follows that he had not done an act which a holder of a license might perform, hence no crime had been committed. The court disposing of the matter said: "* * * to place the interpretation upon section 3 contended for by the defendant would result in permitting an unlicensed person to sell intoxicating liquor with impunity during the hours a licensed person is expressly forbidden to do so. * * * In construing a statute it must be remembered that no law is to be construed in such a manner as to result in a palpable absurdity."

In the case of State v. Ely, 22 S.D. 487, 118 N.W. 687, 688, 18 Ann.Cas. 92, the defendant was charged with engaging in the business of selling brewed, malt, fermented and intoxicating liquors at retail without having paid to the said County of Kingsbury the license fee required by law. The de-

fendant demurred to the information on the ground it charged no public offense in that it failed to show that the business could be engaged in in said city and county, and the offense charged being engaging in a business without paying the fee.

The territory in which the information charged the offense was committed was territory in which no license could be secured. The court held: "The offense was selling liquor without a license, and it was immaterial upon that question whether or not Spink county had voted for or against the sale, or whether 'local option' was in force when the indictment was presented. The penalty for selling liquor without a license remained the same through all changes regarding 'local option'."

In an annotation to this case, found at 18 Ann.Cas. at page 95, the author, citing cases from Arkansas, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Minnesota, Missouri, Nebraska and Vermont, states the rule as follows: "The great weight of authority favors the rule, as laid down in the reported case, that the impossibility of securing a license is no defense in a prosecution for selling intoxicating liquors without a license." The author recognizes a minority rule in Georgia.

To follow the construction contended for by respondent, would, in effect, authorize the indiscriminate sale of intoxicating liquors in a "dry territory" subjecting the offender to a lesser penalty than in an area where the sale under license could be lawfully made. Such an interpretation cannot be upheld.

Other contentions advanced by respondent on rehearing were sufficiently discussed and decided in the original opinion filed.

We therefore adhere to the ruling made in the decision filed October 5, 1949.

HOLDEN, C. J., and GIVENS and TAYLOR, JJ., concur.

PORTER, J., concurs in the conclusion reached.