**MARSHALL et al. v. CITY OF LOUISVILLE et al.**

Court of Appeals of Kentucky.
Dec. 21, 1951.

Burwell K. Marshall, Lewis M. Johnson, Louisville, for appellant.

Gilbert Burnett, City Atty., Robert Meagher, Asst. City Atty., Louisville, for appellee.

CULLEN, Commissioner.

As plaintiffs in a declaratory judgment action against the City of Louisville and certain of its officers, Burwell K. Marshall and Lewis M. Johnson attacked the validity of two ordinances of the city, relating to signs projecting over the streets. The circuit court sustained a demurrer to the petition, and upon the plaintiffs declining to plead further, dismissed the action. Marshall and Johnson appeal from the judgment.

Section 35–5 of the ordinances of Louisville provides that no sign, except an electric, illuminated sign, shall project over any public way of the city; the sign must conform to the electric code of the city; the sign must be illuminated until 10 p. m. at least six nights per week; and no permit for a sign will be issued until an electric permit for connection has been obtained.

Section 16–d of the electric code of the city provides that no permit will be issued for an electrical installation unless the work is to be done by an electrician licensed by the city, or unless the person applying for the permit executes a bond in the sum of $500, with corporate surety, conditioned that the applicant will use only labor regularly employed by him capable of doing the work and that the work will be done pursuant to the provisions of the electric code. The corporate surety on the bond must be "satisfactory" to the city electrical inspector.

In attacking section 35–5 of the ordinances, the petition of Marshall and Johnson alleges that they are the owners of a parking lot in Louisville; they propose to erect a sign over the sidewalk, advertising the parking lot; the sign will be a neon sign, capable of electrification, but they do not intend to electrify it at this time and may never electrify it; the parking lot will not be operated at night and does not need a sign to be electrified at night, and the plaintiffs do not intend to keep the sign lighted after 6 p. m.; they have applied for a permit and the city officials, relying upon the ordinance, have refused to issue a permit. The petition sets out the ordinance in full, and alleges that the ordinance is unreasonable and arbitrary in requiring

that projecting signs be electrified and illuminated, and that they be lighted six nights per week.

In attacking section 16–d of the electric code, the petition alleges that if and when their sign is electrified the plaintiffs propose to do the work themselves, in a proper manner, by erecting the sign and running wires from it to an electric meter attached to a pole in their lot; that the meter will be installed by the Louisville Gas and Electric Company, and when the installation has been approved by the city electrical inspector, the company will connect the meter to its power line; that they have applied for a permit and have tendered a bond with a personal surety who has property worth $100,000, but the city officials, relying upon section 16–d, have refused a permit. The petition quotes section 16–d, and alleges that it is unreasonable and arbitrary in requiring a bond, in requiring a corporate surety on the bond, and in giving the city electrical inspector arbitrary power as to approval of the corporate surety.

It will be observed that, with respect to section 35–5, the plaintiffs do not object to the requirement that an overhanging sign be one capable of electrification; their objection is to the requirement that the sign actually be electrified and illuminated, particularly at night. Our consideration, therefore, will be addressed to that phase of the ordinance.

If this ordinance is to be justified under the police power of the city, or under the power of the city to prevent obstruction or interference with the use of the streets for public travel, the requirements of the ordinance must bear some relation to the public safety, welfare or convenience. 64 C.J.S., Municipal Corporations, § 1709 h, page 115; 37 Am.Jur., "Municipal Corporations," section 312, page 968; 72 A.L.R. 473 (annotation); McQuillen on Municipal Corporations, Vol. 7, 3rd Edition, section 24.587, page 604.

We are unable to find any public benefit to be accomplished or public purpose to be served by the requirement that overhanging signs be illuminated. The only suggestion advanced in the brief for the city is that electric signs are uniformly of safe con-

struction, and are required to meet national fire underwriters' standards, and therefore the safety of the public will be protected. This suggestion goes only to the requirement that the sign be capable of illumination, and does not furnish any justification for the requirement of actual illumination.

The allegation of the petition that the plaintiff's parking lot will not be operated at night would seem sufficient to establish that the ordinance is unreasonable and arbitrary as applied to the plaintiffs, in the absence of any showing by the city of a legitimate public purpose to be served by the ordinance. See City of Jackson v. Murray-Reed-Slone & Co., 297 Ky. 1, 178 S.W.2d 847.

The city seeks to justify the ordinance, not under the police power or under the power to control the use of the streets for travel, but on the theory that the city has absolute ownership of the area occupied by the streets and has the unqualified power to prohibit any encroachments upon the street area. It may be questionable whether the right absolutely to prohibit an encroachment would carry with it the right to impose unreasonable conditions upon the granting of permission to encroach, but regardless of that, we do not find in the record in this case any basis for upholding the claim of the city to unlimited ownership of the street area.

In Goodloe v. City of Richmond, 250 Ky. 608, 63 S.W.2d 785, 787, we said: "It is the settled law of this state that a lot owner has an easement in the street fronting his property which accords him the unquestionable right of a reasonable ingress and egress from his lot on foot or in vehicles to and from the highway or street * * *, or to make any reasonable use of it which does not interfere with the enjoyment of its use by the public."

In Pickrell v. City of Carlisle, 135 Ky. 126, 121 S.W. 1029, 1031, 24 L.R.A., N.S., 193, we said: "* * * But it is not true that the municipality and the traveling public have the right to the exclusive use of the public streets. The owners of abutting lots have rights in the streets in addition to those enjoyed by the general public, and it may be in spite of their rights. * * *"

Upon the foregoing authority, we must conclude that the city has no absolute right to prohibit the erection of overhanging signs by abutting property owners, and that such signs may be prohibited or regulated only under the police power or under the power to control the use of the streets for travel.

It is our opinion that, with respect to Ordinance No. 35–5, the plaintiffs' petition stated a cause of action, and that the demurrer should have been overruled as to the first paragraph of the petition. Unless the city, by answer, shows facts justifying the ordinance under the police power or the power to control the use of the streets for travel, the lower court should enter judgment holding unconstitutional that part of the ordinance requiring actual electrification or illumination of the signs.

As concerns section 16–d of the electric code, it appears that the plaintiffs propose to erect a sign capable of electrification, and to run wires to it. Therefore, the proposed work must be considered to be an electrical installation subject to the provisions of the code.

It will be observed that the plaintiffs attack only that part of the electric code which requires a bond in the event the work is done by someone other than a licensed electrician. The privilege of the owner to do the work with his own labor, putting up bond, is an alternative to the requirement that a licensed electrician be employed.

It occurs to us that if we should, for any reason, find the alternative provision for a bond to be unconstitutional, this would leave standing and in force the requirement that a licensed electrician be employed. The plaintiffs do not allege that this requirement is in any respect invalid or unconstitutional. Surely the plaintiffs would not choose, as they have, to follow the alternative procedure involving the giving of bond, unless they considered it less onerous than the employment of a licensed electrician. Under these circumstances, there is no occasion for the court

to pass on the validity of the bond provision. Therefore, the lower court properly sustained the demurrer to the petition in so far as section 16–d is concerned.

The judgment is reversed, with directions to set it aside and for proceedings in conformity with this opinion.